**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOYD MARTIN, | No. 13-17597 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01384-KJM-DAD |
| v. | |
| G. D. LEWIS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 11, 2015[**]
San Francisco, California

Before: W. FLETCHER, DAVIS[***], and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Floyd Martin appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and affirm the district court's order denying the petition.[1]

1.     The parties have fully briefed the certified Confrontation Clause issue, and there are no exceptional circumstances warranting vacatur of the certificate of appealability. *Phelps v. Alameda*, 366 F.3d 722, 728 (9th Cir. 2004).

2.     We review de novo a district court's denial of a petition for a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). The California Court of Appeal's silent adjudication of Martin's Confrontation Clause claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Detective Quinn's testimony relaying Timothy Hurst's and Steven Hendrix's out-of-court statements did not violate the Confrontation Clause because both Hurst and Hendrix testified at Martin's trial and were subject to cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.").

   **AFFIRMED.**

---

[1]     The parties are familiar with the facts so we do not recount them here.

2